JiCIACCIO, Judge.
In this maritime action, plaintiff appeals the trial court’s assessment of court costs. For the reasons stated herein, we reverse the trial court’s judgment and assess costs of the trial court proceedings against defendants.
Plaintiff, Walter Bickham, was employed by Sub Sea International, Inc. and was injured when he slipped and fell on a staircase on the vessel. He filed this maritime action against Sub Sea and its insurer, alleging claims of negligence, unseaworthiness, and maintenance and cure. The matter proceeded to trial, and following the presentation of plaintiffs case, defendants urged a Motion for Involuntary Dismissal which was granted by the trial court, thereby dismissing plaintiffs action. Defendants subsequently filed a Motion to Tax Costs, and the trial court rendered judgment in favor of defendants and against plaintiffs in the sum of $3,179.10, which represented deposition costs, court costs and various others costs of the trial court proceedings incurred by defendants.
Plaintiff subsequently appealed from the judgment of the trial court granting defendants’ Motion for Involuntary Dismissal and dismissing plaintiffs lawsuit. On November 20, 1996, this court affirmed in part and reversed in part that judgment, finding that the trial court erred in denying plaintiffs claim for maintenance and cure. However, the trial court’s judgment with regard to ^dismissal of plaintiffs claims of unseaworthiness and Jones Act negligence was affirmed. See, Bickham v. Sub Sea International, Inc., 96-0186 (La.App. 4 Cir. 11/20/96); 684 So.2d 90.
Plaintiff also separately appealed from the trial court’s judgment taxing costs, which is the subject of the present appeal. Plaintiff contends by this appeal that the trial court abused its discretion by assessing costs of *86 the trial court proceedings against Walter Bickham. In light of our November 20,1996, ruling which found defendants liable for plaintiffs’ medical expenses, we find plaintiffs argument to have merit.
In its reasons for judgment in assessing costs against plaintiff, the trial court cites LSA-C.C.P. art. 1920 which provides that costs may be taxed against the party against whom judgment has been cast. As defendants prevailed in the trial court proceedings, and plaintiffs claim was dismissed, plaintiff was therefore assessed with costs.
LSA-C.C.P. art. 2164 governs the scope of appeal and the assessment of costs and provides as follows:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
Considering that this court reversed the trial court’s judgment denying plaintiffs claim for maintenance and cure incurred as a result of plaintiffs injury on defendants’ vessel, defendants are no longer the prevailing party in this lawsuit. Under these circumstances, we conclude that the assessment of costs of'the trial court proceedings would be more equitably borne by defendants, who were partially cast in judgment.
^Accordingly, the trial court’s judgment dated March 18, 1996 taxing costs of the trial court proceedings against plaintiff Walter Bickham is hereby vacated and reversed. The costs in the amount of $3,179.10 are assessed against defendants, Sub Sea International, Inc. and ABC Insurance Company. Defendants shall also bear all costs of this appeal.

REVERSED AND RENDERED.